The opinion of the court was delivered by
Gibson, J.
The predominant principle of our system of county rates is to tax the person of the owner in respect of his property, and the process to inforce payment of a tax assessed on the owner of land, is against his person and chattels. It was supposed that his personal responsibility or that of his tenant found in possession would be adequate to the demand of the public. To this however, unseated land is necessarily an exception. The owners of this species of property seldom if ever reside in the county, and as they offer no personal responsibility, the land itself is" made debtor, and the process of recovery is directly against the thing. Accordingly, to give the greater facility to the measures of the assessing officers, it is made the duty of the deputy surveyor of the district, to make return to the county commissioners of all the surveys made by him or his predecessors, and of all warrants and orders of surveys in his hands which have not been executed, together with the names of the original warrantees, &c. Hence is perceptible an intention of the legislature to subject each original tract to assessment as a whole ; for if a settler were on any part of it, it could with no propriety be said to be unseated. To this I know of but two exceptions; and these are the same in principle. If a part be conveyed to a person who resides on it, the remainder may be assessed and sold as unseated: so if joint tenants or tenants in common make partition and only one of the purparts be *155 seated. And the reason is that where the possession as well ás the estates of the owners is distinct, the tenant in possession can in no event be liable in respect of more than he actually holds. But if the owner lease a part of the tract; or if one joint tenant or tenant in common enter without having made partition, such tenant would as respects the public be taken to be in possession of the whole, and would therefore be personally liable in respect of the whole: consequently there would be no reason why the assessors should be at liberty to consider any part as unseated; As they would have nothing to do with the terms of the lease of a part of the tract, or with the interests of joint owners not in possession, it would be their business to assess the whole as the property of the owner or person residing on the land. The tenant is liable for the whole tax and may either recover it from the landlord or deduct it from the rent. Then how was the case here ? The land in dispute is part of a lot which belonged to the heirs of the late Colonel Jirllmr Enoin, who were eleven in number: so that each of them owned an undivided eleventh part of the whole. Four or five of these heirs conveyed their respective parts to persons residing in the township, some if not all of whom had made improvements on the lot, and had for many years previous to the assessment either resided, on it in person or had a tenant in possion. Van Gorden who then resided on it under some of these resident owners of undivided shares, objected against being assessed for more than fifty-six acres, which he claimed as the extent of his possession ; and accordingly the residue, amounting to one hundred and sixty-nine acres and including nearly all the woodland, was assessed and afterwards sold as unseated land. The whole ought to have been taxed as the property of the owners, and Van Gorden or whoever else was found in possession would have been liable. The assessment of this lot as unseated land was therefore void, and in this part of the opinion of the court there is no error.
But the conveyance to the plaintiff is of one hundred and sixty-nine .acres; and as this part had not been set off by any definite boundary from that part of the lot which the assessors considered to be seated, the court was requested to direct the jury that the conveyance was void for uncertainty. The court charged that want of mere description in the deed would not present an insurmountable barrier ■ to a recovery, and that if the ejectment were brought for the specific number of acres, at some particular corner of known boundary it would be sufficiently certain to enable the sheriff to deliver possession: but if, as alleged the description included the improved land on which the taxes had been paid, that circumstance alone would be a bar. I see no cause of quarrel by .the plaintiff, with this direction. By the act of the 13th of tdpril, 1804, the commissioners are empowered to sell the whole or suck part as may be sufficient to pay the taxes due on the *156 tract. But it has been held that a conveyance of a part of a tract by the designation of so many acres sold for taxes, due on the whole, -without further designation, is void for uncertainty Adams’ (New Hampshire) Reports, 93. Such a conveyance by the owner would undoubtedly be good; for the quantity being certain, the locality of the subject of the grant might be reduced to certainty by the election of the grantee. But in this respect there is a wide difference between the conveyance of the owner and the conveyance of an officer who is merely an instrument to pass the title. The owner may sell on his own terms, and may grant any right of election which he thinks proper. But power to grant such a right is not given to the commissioners or to the officer who is to execute the conveyance ; and it is not only unnecessary to the objects to be effected by a sale, but would be destructive of the interests of the owner if it were. The purchaser for instance, by locating the grant so as to include a mine or a water power, might render the residue of no value, and thus produce a sacrifice of the property. The power to sell a part, was introduced into the provisions of the act for the benefit of the owner; but a power to sell-a part with the right of election as. to the location of it, would be ruinous to him ; and I am therefore of opinion that no such power was intended. It would be better for him that the whole tract should be sold. I do not mean to say that the part conveyed must be described by metes and bounds. A conveyance of a certain number of acres to be taken out of a particular part, or to be laid off a particular side of the tract, might be reduced to certainty by a survey afterwards; and such a description would be good in a declaration in ejectment. But in this respect the case before us is different from that which I have been considering. It is not the case of a sale of part of the land assessed, for taxes which were due on the whole; but the case of a sale of all that was assessed. The root of the defect in the plaintiff’s title, is in the assessment and sale of a particular number of acres as a separate and distinct part of the original lot, when it was not so in fact. But were we to admit that the proper officers had a right to sell this undivided interest as if it were unseated, and that the purchaser might attach his conveyance to a particular part, still I am far from admitting that he could recover without having first actually made his election, and without describing the land in his statement or writ as he had thus reduced it to certainty. - The bringing of an ejectment for so many acres without further description would not be an election ; for that would leave the matter quite as uncertain as before and the sheriff would not know of what to give possession. I am therefore of opinion the court was right in directing the jury that if the description were equally applicable to every part of the lot, the plaintiff could not recover.
Judgment affirmed.