### HEIRS OF B. F. LOGAN v. N. K. PIERCE ET AL.

(No. 5305.)

EVIDENCE — BOUNDARY.— Parol evidence admissible to establish a line left uncertain in a deed, as between individuals.

SAME.— Sheriffs' and collectors' deeds void when extrinsic evidence is required to identify the land.

APPEAL from Lamar county. Opinion by WALKER, P. J.

STATEMENT.— This was a suit brought by the appellees against the heirs of B. F. Logan to reform and correct a

deed to five hundred acres of land which plaintiffs claim, and whose chain of title is derived through said deed. The deed was a sheriff's deed to the land, made in the year 1845, under an execution sale to satisfy a judgment against the original owner, B. T. Logan, deceased. John T. Craddock and W. T. Coles were the purchasers at the sale. The tract of land thus purchased was partitioned between Craddock and Weeks, who had become invested with Cole's interest, in a partition made by commissioners for partition, completely identified, and are made parts of the petition as exhibits. In 1863 Wells conveyed his two hundred and eighteen acres to the plaintiff, Nannie K. Pierce; and Mary E. Brooks, joined by her husband, also plaintiffs, sue and claim the two hundred and eighty-two acres in right of her heirship to her deceased father, the said Craddock. It appears from the exhibits that in making the partition the five hundred acres was described by the surveyor who assisted in making the partition as beginning one mile north of the southeast corner of Bennett T. Logan's head-right survey, at a stake which called for certain designated bearing trees, running north with the east line of said survey three hundred and twenty-nine and six-tenths poles, thence west two hundred and forty-two and seven-tenths poles to the west line of the survey; thence south three hundred and twenty-nine and six-tenths poles; and thence east two hundred and forty-two and seven-tenths poles to the beginning, the form of the survey being an oblong parallelogram, about one-fourth longer one way than the other. The description contained in the sheriff's deed is as follows: " A part of the B. T. Logan survey, situated on Red River, in Lamar county, containing one-third of a league; beginning at a point on the east boundary line of the same, one mile north of the southeast corner of said survey, running north and west for said complement of five hundred acres."

Cause submitted to the court. The judge filed his conclusions of fact and law, on which judgment was rendered for the plaintiff in accordance with the prayer of the petition.

Opinion.— The learned judge proceeds to refer to the case of Kingston v. Pickins, 6 Tex., 99; but this case is distinctly distinguished from that, as the call for the one hundred acre tract, which is similar in this case, was presumably and reasonably intended to be rectangular in shape, which could not be the case from the field-notes made by surveyor in partition. And there is no evidence to identify the form and shape intended to be given this tract by extrinsic facts, and we are of opinion that the judgment is not warranted by the evidence.

Facts existing at the time of the conveyance, and prior thereto, may be proved by parol evidence with a view of establishing a particular line as being the one contemplated by the parties, when by the terms of the deed such line is left uncertain. 3 Wash. on Real Prop. (4th ed.), p. 401, and authorities there cited. But such indulgence is not given to sales by sheriffs (execution sales) when the authority of the officer is limited by the law from which it is derived (Wooters v. Arledge, 51 Tex., 397), nor to tax sales (Wofford v. McKinna, 23 Tex., 44). But in a contract between individuals, if a latent ambiguity exists in the description of the land, parol evidence may be resorted to, to explain it and give effect to the intention of the parties. Wofford v. McKinna, *supra*. If, however, in the tax collector's deed the description of the land be so uncertain and incomplete as to require the aid of extrinsic evidence, it is void (Wofford v. McKinna, *supra*), and it would seem that the rule applies alike to sheriffs' deeds.

REVERSED AND REMANDED.