F. A. WATERS ET AL. v. SUSAN SPOFFORD.

(Case No. 1309.)

1. REGISTRATION — CERTIFICATE OF ACKNOWLEDGMENT — SEAL.— *Quære*, was a certificate of the acknowledgment of a deed before the clerk of the county court who was to record it, required, by the law in force in December, 1838, to be under the seal of the county court?
2. SAME — VALIDATING ACTS.— The registration, in 1855, of a deed, authenticated in 1838 by the county clerk, without the seal, was at all events good, by force of various validating acts of the legislature. Hart. Dig., arts. 2776, 2777, 2789; Pasch. Dig., arts. 5021, 5022.
3. SAME — PRELIMINARY AFFIDAVIT.— The grantee in a deed, authenticated for record by proof of the handwriting of the grantee and a subscribing witness, was competent to make the affidavit required by the statute, that these parties were dead, or their residence out of the state or unknown. Hart. Dig., art. 2792.
4. SAME — AUTHENTICATION BY EVIDENCE. OF HANDWRITING.— See this case for authentication held sufficient, notwithstanding an apparent discrepancy in names.
5. PRACTICE.— An objection to the authentication of a deed because of a discrepancy of names is not entitled to favorable consideration when first made in a motion for new trial.
6. IDENTITY OF LAND — MISDESCRIPTION.— See this case for a discrepancy in names in the patent and in a subsequent conveyance held insufficient, under the other evidence, to raise a doubt as to the identity of the land, described in each.
7. EVIDENCE — JUDGMENT IN REM — MANDAMUS.— A judgment in favor of purchasers of land at a tax sale, enforcing by *mandamus* against the sheriff their right

to a deed, is not a judgment *in rem*, and is not admissible in evidence against one neither a party nor privy to the proceeding.

8. TAX DEED — DESCRIPTION.— A tax deed which does not give such description of the land conveyed thereby as will identify it, is invalid, and inadmissible in evidence.

APPEAL from Kaufman. Tried below before the Hon. Green J. Clark.

Action of trespass to try title, by Susan Spofford against F. A. Waters, H. J. Snow and J. M. Carter, the land in controversy being two thousand acres of a league and labor patented to Isaac Lee as assignee of Piere Tesia. Among other defenses, Waters and his co-defendants claimed as purchasers at a tax sale for taxes for the years 1867, 1868 and 1869, setting up a judgment of the district court of Kaufman county, in a proceeding instituted by them in 1872 against the sheriff as the successor of the collector of taxes, commanding the sheriff to execute to them a deed to the land, setting up also the deed made by the sheriff in obedience to said judgment.

The plaintiff showed a complete chain of title back to the patentee, one of the links in this chain being a certified copy of deed from Thomas Sims to Charles M. Gould, dated December 27, 1838, and recorded in Kaufman county June 29, 1855, the certificate of authentication appearing as follows:

" REPUBLIC OF TEXAS, County of Nacogdoches.

" Personally came before me, Daniel Lacy, clerk of the county court of said county, Thos. Sims, who acknowledged that he signed and sealed the foregoing instrument as his free act and deed, for the purposes therein expressed.

" Witness my hand this 28th December, A. D. 1838

" DANIEL LACY,

" Clerk Co. Court."

There was a bill of exceptions to the admission in evidence of this certified copy, presenting all the points made in appellant's brief.

Another link in this chain was a certified copy of a deed from Charles M. Gould to Otis M. Wheeler, dated February 10, 1844, and recorded July 8, 1854. In the copy the names of the witnesses appear as D. N. Marange and A. G. Richardson. The following affidavits authenticating the deed for registration appeared:

" THE STATE OF TEXAS, County of San Augustine.

" Before me, the undersigned notary public in and for the said county and state, personally came Otis M. Wheeler, to me well known, and made oath that Henry G. Richardson, one of the sub-

scribing witnesses to the annexed deed, has departed this life, and that the other witness, D. N. Marange, if living, he believes resides out of the state of Texas, the place of his residence being unknown to him.                                                      OTIS M. WHEELER.

"Sworn to and subscribed before me this 8th day of July, A. D. 1854, certifying whereto witness my hand and official

[SEAL.]                                      "F. V. McKEE,

"Not. Pub. S. A. C."

"THE STATE OF TEXAS, San Augustine County.

"Before me, the undersigned notary public in and for said county and state aforesaid, personally came Travis G. Brooks and James A. Chaffin, to me well known, made oath that they were well acquainted with the handwriting and signature of Charles M. Gould, the grantor, and Henry G. Richardson, one of the subscribing witnesses to the annexed deed, from having frequently seen them write and sign their names, and that they verily believe the signatures of said Gould and said Richardson as subscribed to said deed to be the true and veritable and genuine handwriting and signatures.

"J. A. CHAFFIN,

"T. G. BROOKS.

"Sworn to and subscribed before me this 8th day of July, A. D. 1854, certifying whereto witness my hand and official seal.

"F. V. McKEE,

"Notary Public."

The bill of exceptions to the admission in evidence of this copy recites that the defendants objected "because the affidavit of Otis M. Wheeler of the death of Henry G. Richardson, and of the fact that D. N. Marange resides out of the state of Texas, is wholly insufficient within itself as a predicate for or to authorize the affidavits of Travis G. Brooks and James A. Chaffin, of the fact that they were well acquainted with the handwriting and signature of Charles M. Gould, the grantor, and Henry G. Richardson, and because each affidavit is defective in itself, and both affidavits taken together are wholly insufficient as proof sufficient to have authorized the deed to be recorded under the laws of this state at the time that proof was made, and because the affidavit of Otis M. Wheeler appears to be made by the same person as the grantee in the deed; and because no person could testify at the date of said affidavit in his own behalf, under the rules of evidence at common law, either in court or out of court, directly or indirectly, unless permitted to do so by statute; and because the jurat of the officer taking the affidavit is insufficient.

Another link in plaintiff's chain of title was a deed from O. M. Wheeler to Sam. Y. Smith, conveying "one league of land lying and being situated in the county of Kaufman in said state, it being the same patented to Isaac Lee as assignee of Piere Techs." There was evidence to the effect that the Piere Tesia league and labor survey was the only one in Kaufman county patented to Isaac Lee.

The judgment described in defendants' answer was set out at length in a bill of exceptions. The defendants' evidence which was admitted, included a deed from A. T. Wilson, as tax collector for Kaufman county, of date June 5, 1879, reciting a sale of the land described therein for taxes of 1878, and conveying land described as stated in the opinion. There was also evidence tending to show the regularity of that sale. The case was submitted to the court without a jury, and judgment was rendered for appellee, the plaintiff.

*J. S. Woods*, for appellant.

I. The certified copy of deed from Thomas Sims to Charles M. Gould, to the land in controversy, was not admissible in evidence, because not sufficiently proven for record. The certificate fails to show that Thomas Sims was "well known to," or identified before the officer, Daniel Lacy, who took the acknowledgment. See Proffatt on Notaries, p. 29, secs. 31, 32 and 33; 8 Cal., 461; 10 Cal., 239; 30 Ill., 103; 12 Iowa, 389; 7 Humph., 84; 11 Conn., 129.

II. The deed was incorrectly recorded and its record was void, because it affirmatively appears that no seal was used by the officer who took said acknowledgment. The certificate ends with these words: Witness my hand this 28th day December, A. D. 1838. Daniel Lacy, clerk county court. Hart. Dig., arts. 241, 2752, 2755, 2769, 2588, 2591; Proffatt on Notaries, p. 35, sec. 38.

III. The record of said deed from Sims to Gould was void, because the certified copy of the acknowledgment before Daniel Lacy, as county clerk, affirmatively shows that no insignia of a seal used by him was inscribed on the records by the recording officer, when he recorded said deed and certificate. The seal accompanying said certificate of Daniel Lacy in his official capacity was as much a part of the instrument to be recorded as any other. The record is silent as to any insignia of a seal being inscribed upon the record. See 28 Tex., 364.

IV. The certificate of acknowledgment before Daniel Lacy is void, because it does not appear to be officially made. The certificate ends with these words: Witness my hand this 28th December,

A. D. 1838, Daniel Lacy, clerk county court; and nowhere says, witness my hand officially.

. V. The record of the deed from Thomas Sims to Charles M. Gould was void, and the certified copy inadmissible in evidence, because not proven for record as the law then required. This acknowledgment purports to be made by the grantor, Thomas Sims. It should have been proven for record by two subscribing witnesses. Hart. Dig., art. 2755.

VI. Otis M. Wheeler could not testify in his own behalf in securing the proof of the deed from Gould to him for record; therefore its record was void. Otis M. Wheeler was the grantee in the deed, and makes an affidavit of the death of Henry G. Richardson, and an equivocal affidavit as to the residence of D. N. Morange. See Hart. Dig., art. 2792; 38 Tex., 645; Proffatt on Notaries, p. 33, sec. 35; 46 Mo., 404; 13 Mich., 320; 1 Greenl. Ev., secs. 390, 391 and 404.

VII. The proof of a deed for record is an *ex parte* judicial act, and no person, interested in such record, could testify in his own behalf on the 8th day of July, A. D. 1854. Wheeler was the grantee, and made an affidavit in his own behalf, as a predicate for the affidavit on depositions of Brooks and Chaffin. See Washburn on Real Property.

VIII. The affidavit of Otis M. Wheeler, of the death of Henry G. Richardson, and as to the life of and residence of D. N. Morange, the subscribing witness to said deed to him (Wheeler) from Gould, is a nullity, because Henry G. Richardson is not a subscribing witness to said deed. The certified copy of the deed from Gould to Wheeler shows that A. G. Richardson was the subscribing witness. See Hart. Dig., art. 2792.

IX. The affidavit of Wheeler as to the life, death or place of residence of D. N. Morange, one of the subscribing witnesses to said deed from Gould to him, is a nullity, because it is equivocal and not positive as to said Morange's place of residence or death. See Hart. Dig., art. 2792; 13 Tex., 443; 29 Tex., 253; 22 Tex., 206; 26 Tex., 348; 40 Tex., 32; 1 McCord, 511; 3 Watts, 144; Proffatt on Notaries, p. 63, sec. 51.

X. The affidavit of Otis M. Wheeler is a nullity, because the jurat of the officer taking the same is insufficient and void. See Proffatt on Notaries, p. 65.

XI. The sworn statement of Travis G. Brooks and James A. Chaffin, attached to the deed from Gould to Wheeler, is void, because said oath, and the certificate of the officer taking the same,

nowhere shows that they were disinterested parties to said transaction.   See Hart. Dig., art. 2792.

XII. The affidavit of Brooks and Chaffin to the signature of Henry G. Richardson, one of the witnesses to said deed, is void, because said deed is not witnessed by Henry G. Richardson, as shown by the deed itself, but is witnessed by A. G. Richardson. Hart. Dig., art. 2792.

XIII. The sworn statements of Brooks and Chaffin are void as proof of said deed's execution by Gould to Wheeler, because not positive to the facts of the signatures of Gould and Richardson. See 13 Tex., 443; 26 Tex., 348.

XIV. The law required the proof to consist of the depositions of two disinterested witnesses; that of Chaffin and Brooks is an uncertain and equivocal affidavit, therefore void.   See Hart. Dig., art. 2792; 19 Tex., 154; Proffatt on Notaries, p. 63, sec. 51; 3 Blatchf. C. C., 456.

XV. The deed from Otis M. Wheeler to Sam. Y. Smith is void as a conveyance of the land in controversy, because the land in controversy is part of a league and labor patented to Isaac Lee as assignee of Piere Tesia.   The deed from Wheeler to Smith calls for a league of land patented to Isaac Lee as assignee of Piere Techs. See Norris v. Hunt, 51 Tex., 609.

XVI. The deed from Wheeler to Smith is void, because it identifies a totally different survey as to quantity of acres and name of original assignor of the certificate.   The land in controversy is out of a league and labor survey.   The land mentioned in this deed is a league survey.

XVII. The words Piere Tesia and Piere Techs are not *idem sonans*, and the ambiguity in the deed from Wheeler to Smith, mentioning a different survey by quantity than that mentioned in the patent to the land in controversy, cannot be cured by parol testimony.

XVIII. The judgment obtained by appellants in the district court of Kaufman county, Texas, on the 23d day of February, A. D. 1872, against R. B. Shaw as sheriff and successor to the collector of taxes for said county, under the laws of A. D. 1866, after a hearing and *mandamus* against him, was material evidence in this case for defendants, and the court erred in excluding it.   This judgment was rendered against Shaw on *mandamus*, commanding him to make appellants a deed to the land by reason of the fact that it had been condemned and sold to them for taxes in 1868 and 1869, under the constitution and laws of 1866.   The judgment was based upon the theory that proceedings to collect taxes are proceedings *in rem*,

and that this land had been so condemned, and that appellants were entitled to their deed.   See Pasch. Dig., vol. 2, arts. 7480–7503; General Order No. 139, August 9, 1869, Commanding General; 42 Tex., 608; Freeman on Judgments, secs. 130, 135, and sec. 606; 4 Am. Rep., 452; 10 Ohio, 152; Blackwell on Tax Titles, pp. 568, 569, 570, 411, 412, 413, 414; 20 Wis., 228.

*Manion & Adams*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— It is insisted that the certified copy of the deed from Thomas Sims to Charles M. Gould was not admissible because not shown to have been properly recorded, in that the certificate of acknowledgment made on 27th December, 1838, before the clerk of the county court of Nacogdoches county, does not appear to be authenticated by the seal of that officer, and for other reasons, which are entirely untenable and which will not be further considered in this opinion.

It may be questioned whether, at the time the acknowledgment was taken, it was necessary that the certificate authenticating that fact was required to be under the seal of the county court, when the acknowledgment was made before the clerk who was to record it, or before the court.   Hart. Dig., 2752, 2755.   The land in controversy, at the time the acknowledgment was made, was most probably in Nacogdoches county.

The act of March 16, 1840 (Hart. Dig., 2768), seems to have required the certificate of acknowledgment to be authenticated by the seal of the officer taking it, only when taken before some officer other than the clerk who was to record it.

The act of May 12, 1846 (Hart. Dig., 2785, 2790, 2794), expressly provided for the use of a seal in certifying acknowledgments taken before any officer, as no preceding act had done in reference to county clerks; and it provided that "they shall also record all . . . instruments authorized by law to be recorded by them, which were executed previous to the time this act takes effect, and which are acknowledged or proven in the manner provided for by this act, or by the laws which were in force at the time of such acknowledgment or proof;" thus recognizing that the manner of taking and certifying acknowledgments before that time was different to the mode prescribed thereby.

If, however, the certificate of the county clerk should have been authenticated by his seal, and was not, a matter which is not made certain, as the original paper was not before the court upon the trial,

we are of the opinion that the record would be good under the acts of March. 17, 1841 (Hart. Dig., 2776, 2777), act of May 12, 1846 (Hart. Dig., 2789), and the act of 9th February, 1860 (Pasch. Dig., 5021, 5022); the first of which had reference to acknowledgments and records made before its passage as well as to records made after that time upon prior acknowledgments. Butler v. Dunagan, 19 Tex., 565. These statutes, as was said in the case above referred to, were "intended to remove objections to the sufficiency of the registry of deeds upon such acknowledgments, and to provide for their recording in future. It was a healing and enabling statute, and ought to be construed liberally."

The certified copy of the deed from Charles M. Gould to Otis Wheeler was objected to, upon the ground, first, that Wheeler, being the grantee, could not make the affidavit of the death or non-residence of the subscribing witnesses to the deed from Gould to him.

We are of the opinion that the grantee was competent to make such proof preliminary to the introduction of the proof of the hand-writing of the grantor, and of at least one of the subscribing witnesses, by other witnesses.

The law then in force (Hart. Dig., 2792) required the making of such an affidavit, but did not declare who might make it; it had to be made as the basis for the introduction of proof not strictly primary in reference to the subject, and there was no more objection to a grantee making such an affidavit for that purpose than to the making of an affidavit by a party to a suit as to the loss or destruction of a written instrument, as the basis for the introduction of secondary evidence of its contents.

The facts were to be established by persons not interested, after such basis was laid; and as the chain of title offered in evidence does not show that they were interested, the contrary presumption must be indulged.

The affidavit of Wheeler was sufficiently full, as were the statements of the witnesses who testified as to the signatures of the maker of the deed and one of the subscribing witnesses thereto.

The certificates of the officer who took the affidavit of Wheeler, and of the witnesses who proved the necessary signatures to the deed, were also sufficiently full; and the only further objection to the evidence in this respect offered, was, that while the grantee and the witnesses who swore to the signatures of the maker, and one of the subscribing witnesses to the deed, speak of the witness as "Henry G. Richardson," the copy contained in the record shows that

"A. G. Richardson," and not "Henry G. Richardson," was one of the subscribing witnesses.

No objection upon this ground was offered to the deed when it was introduced, and not until the motion for new trial was made does the matter seem to have been presented to the court. As thus presented, the objection is not entitled to receive the favorable consideration to which it might have been entitled if presented at a time when the seeming discrepancy might have been explained.

If, however, the objection had been earlier made, it is not believed that it should have prevailed, for the affidavits of the two witnesses who testified to the genuineness of the signature of the subscribing witness, were made with the deed before them, and they in substance state that the signature of one of the subscribing witnesses to the deed is the genuine signature of Henry G. Richardson.

If they knew that thus the person known to them as Henry G. Richardson signed his name, and that the signature attached to the deed was his genuine signature, as he was accustomed to write it, that was sufficient, whatever may have been his true name. If they had intended to swear falsely, no such mistake in name would have been made, with the deed before them, as it evidently was from his affidavit. The probability is, that in copying the affidavit more than once, a mistake has been made by the copyist, or that Henry G. Richardson was accustomed to sign his name as it appears to the certified copy offered in evidence. Such ought to be the presumption after the lapse of more than a quarter of a century.

The identity of the land as described in the deed from Otis M. Wheeler to Sam. Y. Smith, which forms a link in the chain of appellee's title, is sufficiently shown.

It was granted to Isaac Lee as an assignee, and the fact that the patent states that he was the assignee of Piere Techs, while the conveyance states that he was the assignee of Piere Tesia, is not sufficient to raise a doubt, in connection with the other proof in the case, as to the identity of the land.

It seems that the land in controversy was sold for taxes in the years 1868 and 1869, and that appellants thereafter instituted a suit in the district court for Kaufman county against the sheriff of that county, to compel him by *mandamus* to make a deed to them for the land so sold and by them bought, and a judgment in that cause was rendered in their favor.

Neither the appellee, nor any one through whom she claims title, was a party to that suit.

On the trial of this cause, the judgment rendered in that cause was

offered by the appellants as evidence of title in them, and upon objection the evidence was excluded.

This is assigned as error, and it is claimed that such judgment was a judgment *in rem* and conclusive evidence of their title.

No such effect can be given to such a judgment, and it was properly excluded, the appellee not being a party to the suit in which it was obtained.

Had it been a judgment in a proceeding instituted against the property to subject it to sale for the payment of taxes due thereon, under a law authorizing such a proceeding, in which a court of competent jurisdiction had acquired jurisdiction over the property, with some show of reason, such effect might be claimed for a judgment and sale made thereunder.

The appellants offered in evidence a deed made by the sheriff of Kaufman county as tax collector, which purported to be made to appellants as purchasers at a sale made by him for taxes due on a league and labor of land "patented to P. Tesia" for the year 1878, and they also offered some evidence in regard to the regularity of the assessment and proceedings which preceded the sale; and it is claimed that that deed passed the title to land in controversy to the appellants.

Without considering other questions which might affect the validity of the deed in question as a muniment of title, it is sufficient to say that the description of the land, as described and attempted to be conveyed by the deed, is so uncertain and indefinite that no title whatever would pass thereby, however regular the proceedings anterior to its execution may have been.

The description of the land conveyed by the deed is as follows: "One league and labor of land patented to P. Tesia, and known as survey No. 412, situated in Kaufman county, Texas, about four miles northeast of the town of Kaufman, less the sum of five hundred and eighty-eight acres claimed by Thomas A. Bynum, and fifteen hundred and thirty-one acres claimed by Leon & H. Blum out of said league survey."

The provisions of the constitution and laws in reference to the effect to be given to tax deeds are very stringent, but to constitute a valid tax deed there must be such description of the land conveyed thereby as will identify it. R. S., 4755, 4756; Wofford *v.* McKinna, 23 Tex., 44; Blackwell on Tax Titles, 423 *et seq.*, and citations; Cooley on Taxation, 286 *et seq.*, and citations.

There being no error in the judgment, it is affirmed.

AFFIRMED.

[Opinion delivered November 23, 1882.]