Adopted.

---

## A. J. FRY vs. A. L. BAKER, ET AL.

SUPREME COURT, AUSTIN TERM, 1883.

*Deed—Construction of—Limitations.*—When a conveyance, tested by its own recitals, contains all the requisites of a deed, it will support the defense of five years' limitation.

*Same.*—If void or invalid on account of some extrinsic matter, not apparent on its face, such invalidity when alleged and proven would destroy the effect of the instru-

ment as a conveyance of title, but until this is done it is none the less a "deed" in contemplation of the statute.

Error from Guadalupe County.

The defendants in error brought suit in the court below for the partition of certain town lots; and against Fry, the plaintiff in error, to quiet title to one of the lots.

Fry answered, setting up the ownership of the lot, reciting his claim of title.

Plaintiffs below, by replication, plead the statute of three, five and ten years' limitation, and say they derive their title from Rebecca Shaw, who on December 26th, 1866, conveyed the lot to Andreas Bartholomew, under whom plaintiff's claim, holding under deeds duly registered, paying the taxes thereon, and using, cultivating and enjoying the same for more than five years before the institution of the suit.

A jury was waived and judgment was rendered against Fry for the lot, who sued out a writ of error, assigning errors disposed of in opinion.

---

Opinion of Watts, J.

Plaintiff in error relies for a reversal of the judgment upon the proposition that as the evidence discloses the fact that Mrs. Shaw was a married woman at the time she executed the deed to Andreas Bartholomew, and not being joined by her husband in the execution of the conveyance, that it is void and would not support the plea of five years' limitation. In support of that proposition, reference is made to cases holding a deed void upon its face, is not a deed in contemplation of law, and will not support the plea of five years' limitation; also to cases in which it is held that the deed of a married woman to her separate property, without the privy acknowledgment required by law, is a nullity.

Wafford vs. McKinna, 23 Tex. 46.

Kilpatrick vs. Sisneros, *ib*, 137.

Berry vs. Donley, 26 Tex. 745.

This deed from Rebecca Shaw to Andreas Bartholomew is regular upon its face, and was acknowledged by her before an officer authorized to take acknowledgments in the usual form of the acknowledgments of persons, who labor under no disability in this particular.

There is nothing upon the face of the deed showing that Mrs. Shaw was a married woman at the time of its execution.

The language of the section of the statute upon which the plea is based with respect to the title is, that the party in possession "claiming under a deed or deeds duly registered, shall be held to have full title, precluding all claims."

In Wafford vs. McKinna, 23 Tex. 43, construing the term "deed," as used in that section of the statute, the court said:—"We agree with the counsel for the appellee, that the statute intends an instrument which is really and in fact a deed possessing all the essential legal requisites to constitute it such in law. As it is very well expressed in the brief of counsel, it must be an instrument by its own terms, or with such aids as the law requires, assuming and purporting to operate as a conveyance; not that it shall proceed from a party having title, or must actually convey title to the land, but it must have all the constituent parts tested by itself, of a good and perfect deed."

It is further remarked by the court in that case:—

"But it cannot be said that the conveyance is not a deed until the power is produced. If the power must be shown, then a defendant must not only have a deed, but a title good in itself, before he can claim the protection of the statute. Such manifestly was not the intention of the law."

In Pearson vs. Burditt, 26 Tex. 172, it is held that a fraudulent deed will support the defense of three years' limitation. However, the rule is well established that a conveyance, void upon its face, is not a deed in contemplation of the the the statute, and will not support the defense of five years' limitation. Kilpatrick vs. Sisneros, 23 Tex. 136; Wafford vs. McKinna, *supra.*

There is no direct adjudication upon the point under consideration of which we are aware, but from a fair construction of the statute, and analogous principles settled by the cases referred to, that if the instrument, when tested by its own recitals, contains all the requisites of a deed, that it would support the defense of five years' limitation. If the instrument is void or invalid on account of some extrinsic matter, not apparent from its face, when such invalidity is alleged and established by some party in a position to do so, that would destroy the effect of the instrument as a conveyance of title, but until

this is done it is none the less a "deed" in contemplation of the statute.

There is nothing in the recitals of this deed that shows at the time of its execution that Mrs. Shaw was laboring under the disability of coverture.

The requisite possession, use, and payment of taxes, are shown by the evidence, and we conclude that there is no error in the judgment and that it ought to be affirmed.

Adopted.