J. M. LAMBETH v. JAS. II. WATSON.

(Case No. 1546.)

1. TAX DEED.— In a proceeding to.remove cloud from title, caused by one claim-
ing under a tax deed, it was found that while the land had been as-
sessed in the name of the true owner, D. B. Wright, it was at tax sale cried
off in the name of T. B. Wright; the deed described it as the property
of T. B. Wright, and the judge, in his conclusions of fact, found that in
this there was no mistake. *Held*, that, in the absence from the record of
all evidence, the supreme court cannot say with certainty that a judgment
for the plaintiff, removing cloud from title, was erroneous.

APPEAL from Delta. Tried below before the Hon. Green J.
Clark.

*Hunter & Putman*, for appellant.

*E. B. Perkins*, for appellee.

WEST, ASSOCIATE JUSTICE.— This was an equitable proceeding in
the nature of a bill in chancery to remove cloud from title, and to
quiet the appellee in the enjoyment and possession of one hundred
and ninety acres of land, a part of the K. L. Tudor grant.

The property in question, it appears, had been purchased by the
appellant at a tax sale for less than ten dollars and costs, etc., etc.
More than double this amount, and the amount of all taxes paid by
appellant on the land since the sale, and all costs, were in the plead-
ings tendered to the appellant and deposited in court, with the clerk,
for him.

The land in suit, it appears, or rather seems to be admitted on all
hands, was, at the time of sale, the property of a non-resident citizen,
D. B. Wright, and the assessment, etc., etc., of the property was in
his name. When, however, the sheriff, who was also the tax col-
lector, made the sale, for some reason he publicly cried off the land,
not in the name of the person in whose name it was assessed, but as
the property of T. B. Wright, and sold it as such, and so executed
the deed to the appellant, who became the purchaser, and in this
conveyance the land is described and set forth, not as the property
of the true owner, the person in whose name it was assessed, but as
belonging to T. B. Wright.

In answer to this suit, to cancel this deed, as casting a cloud upon
the just and legal title of the appellee, who showed a conveyance
to himself in every respect perfect and regular on its face, to the

*locus in quo,* from the admitted owner, the appellant set up that it was an error of some kind, by which the sheriff through mistake had cried, and struck off the land to the purchaser as the property of T. B. Wright, and that it was also another mistake of the sheriff that the deed of conveyance, in describing the land, also contained the same error.

The case was submitted to the court without a jury. There is no statement of facts contained in the record, and we cannot say what amount or character of proof was made before the judge on the trial of the cause, or what evidence was introduced, or whether it was sufficient in its character to sustain his conclusions of fact, which are quite briefly given in the record.

We must presume, however, that the evidence adduced before him was full, and sufficient to authorize these conclusions of fact at which he arrived. He found that the proof before him was not sufficiently full and satisfactory in its character to authorize him, from an examination of it, to conclude that there was any error or mistake of any kind in the deed. Or it is possible he may have concluded, as matter of law, from the averments in the pleadings, and from the evidence adduced before him, that even if there was a clerical mistake in the description of the land, as appellant contended, that the appellant could not in this form of proceeding avail himself of that fact, if it be a fact.

He may, in the state of case presented before him, have come to the conclusion that it was the duty of the appellant, if he desired to assert rights as growing out of a purchase and deed made under such circumstances, to take the proper steps, by a judicial proceeding, against the necessary and proper parties, to compel a correction of the alleged errors and mistakes in his deed in the description of the land, and to require a re-execution and delivery to him of a proper deed, so that he could use it in the future for the protection of his rights.

We cannot, in the present state of the pleadings, and in the entire absence of all the evidence on which the district court based its conclusions, say with certainty that the court erred in coming to the final conclusion at which it arrived. Waters *v.* Spofford, 58 Tex., 115; Bettison *v.* Rudd, 21 Ark., 578; Wait *v.* Gillmore, 3 Yeates, 330; Shimmin *v.* Inman, 26 Me., 232; Alvord *v.* Collin, 20 Pick., 418; Ratler *v.* Worth, 11 Albany Law Jour., 401.

AFFIRMED.

[Opinion delivered December 7, 1883.]