## P. J. WILLIS & BRO. v. C. C. BURKE.

### No. 312.

**Trespass to Try Title—Void Tax Deed—Evidence—Limitation.**—Trespass to try title brought by Willis & Bro. against Burke. Appellants, who were plaintiffs below, proved title in themselves to the land in controversy by regular chain of title from the sovereignty of the soil. Appellee claimed title through the deeds of the tax collector and Talbot, to himself, and by limitation. *Held:*

1. The tax deed was inadmissible in evidence, either as a muniment of title, or as a basis for limitation, for the reason that it did not purport to convey the title to the land, but only such interest as "Peyton Morris, agent for heirs," had in the land, and for the further reason, that if it described any land, it was a different tract from that in controversy.

2. The deeds of the tax collector and Talbot are each void for uncertainty in the description of the land [see opinion], and for that reason can not form the basis for limitation under the five years' statute. They were inadmissible in evidence, and it was error to consider them as the basis for five years' limitation.

APPEAL from Bowie. Tried below before Hon. JOHN L. SHEPPARD.

*W. H. Tilson* and *F. M. Henry,* for appellants.—1. A tax deed void on its face for uncertainty does not support the plea of limitation of five years. Wofford v. McKinna, 23 Texas, 36–43.

2. The tax deed and the deed of Talbot, the purchaser at said tax sale, to Burke, are both quitclaim deeds, and do not purport to convey the land.

*Charles S. Todd,* for appellee.—1. The tax deed from J. H. Smelser, collector, to J. M. Talbot is not void on its face, and being duly registered, is sufficient to support limitations of five years. Wofford v. McKinna, 23 Texas, 36; Flanagan v. Boggess, 46 Texas, 330; Nye v. Moody, 70 Texas, 434; Dohoney v. Womack, 19 S. W. Rep., 883; Overand v. Menczer, 18 S. W. Rep., 301; Smith v. Nelson (Mo.), 19 S. W. Rep., 734; Day v. Needham et al., 22 S. W. Rep., 1103.

2. The deed from J. M. Talbot to C. C. Burke is such a deed as will support Burke's plea of limitations of five years. Abernathy v. Stone, 16 S. W. Rep., 1102.

FINLEY, ASSOCIATE JUSTICE.—This is a suit of trespass to try title to 400 acres of land situated in Bowie County, a part of the head-right survey patented to Sabina S. Morris, as assignee of James Aiken, patent number 663, volume 9. The defenses pleaded consisted of the plea of not guilty, and the statute of limitations of three and five years. The case was tried by the court without a jury, and judgment rendered for the defendant; the court being of the opinion that the defense under the five years' statute of limitation had been established. It is admitted that plaintiffs proved title in themselves to the land in

controversy by regular chain of title from the sovereignty of the soil down to themselves.

The defendant introduced in evidence a deed from the tax collector to J. M. Talbot, bearing date May 10, 1882. This deed recited that certain taxes were due the State and county of Bowie by "Peyton Morris, agent for heirs, as assessed against him for the year 1881, upon the following described tract or parcel of land, viz.: 836 acres of a survey in the name of James Aiken, situated in said county of Bowie, about 17 miles northeast from the town of Boston, patented to Sabina S. Morris, for 4,720,000 square varas of land, by patent number 433, volume 10, dated November 27, 1852, and known upon the abstract of land for Bowie County as number 4." It also recited, that the land was levied upon as the property of "Peyton Morris, agent for heirs;" and the granting portion of the deed purported to convey "all the right, title, interest, and estate which the said Peyton Morris, agent for heirs," had therein. The land attempted to be conveyed was described in said deed as follows: "400 acres of land to be taken in a square as near as practicable out of the survey hereinbefore described, by beginning at the northeast corner thereof." This deed was recorded May 12, 1884. The defendant also introduced a deed from J. M. Talbot to him, dated June 23, 1884, and recorded July 12, 1884. The granting clause in this deed was as follows: "Have bargained, sold, and quitclaimed, and by these presents do grant, bargain, sell, and quitclaim unto the said C. C. Burke, all my right, title, interest, estate, and demand in and to a certain tract of land," etc. The description of the land given in this instrument is as follows: "Situated in Bowie County. Four hundred acres, less the interest in same heretofore conveyed by me to one Pete Berry, of a survey in the name of James Aiken about seventeen miles northeast from the town of Boston, patented to Sabina S. Morris for 4,720,000 square varas of land, by patent number 433, volume 10, dated November 27, 1852, and known upon the abstract of lands for Bowie County as number 4. Said portion of land herein conveyed to be taken in a square as near as practicable out of the survey hereinbefore described, by beginning at the northeast corner thereof."

Defendant proved that he had held continuous adverse possession of the land in suit, cultivating, using, and enjoying the same, and paying the taxes thereon under said deeds, for the period of five years next preceding the institution of this suit.

*Opinion.*—The action of the court below in admitting in evidence the tax deed over objection is assigned as error. As a muniment of title to the land, or as basis for limitation, the deed was not admissible in evidence, for the reason that it did not purport to convey title to the land, but only such interest as "Peyton Morris, agent for heirs," had therein. It was

not a deed to the land. Acklin v. Paschal, 48 Texas, 175; Fry v. Baker, 59 Texas, 404; Bowles v. Brice, 66 Texas, 729. It was also inadmissible in evidence, for the reason, that if it described any land with sufficient certainty, it was a different tract of land from that in controversy. The land in controversy was 400 acres of the headright patented to Sabina S. Morris, as assignee of James Aiken, patent number 663, volume 9; while the description given in this deed designated the patent as number 433, volume 10. There is no other descriptive language in the deed which identifies the land attempted to be conveyed with the land to which plaintiff had proven title. Possession under patent number 433, volume 10, would not be notice to a holder under patent number 663, volume 9, of an adverse holding. Brockel v. McKechnie, 69 Texas, 32; 66 Texas, 352.

The deed is also void for uncertainty in the description of the land, and can not form the basis for limitation under the five years' statute for that reason. The survey, as is discoverable from the field notes, is in an irregular shape, and the description, "400 acres of land to be taken in a square as near as practicable out of the survey,  *  *  * beginning at the northeast corner thereof," conveys no definite idea of the land intended to be conveyed, and would not give notice of an adverse holding of any particular part of the survey. Wofford v. Mc-Kinna, 23 Texas, 36.

The action of the trial court in admitting in evidence the deed of Talbot to defendant is also assigned as error. This deed is subject to the same objections pointed out in the tax deed, so far as matters of description are concerned. It possesses the additional uncertainty of conveying the interest of Talbot, less that which he had already conveyed to one Berry; while the deed, and the entire record, are silent as to what he had previously conveyed. The description is not only uncertain, but appears incapable of being made certain. If the description were all right, it might seriously be questioned whether it is in form such a conveyance of title as to bring the instrument within the meaning of a "deed" as contemplated by the statute of limitation of five years. This point, however, is not necessary to be decided. Sayles' Stats., art. 3193; 23 Texas, 36; 66 Texas, 729; 48 Texas, 175; 59 Texas, 404.

We are of the opinion that the court erred in admitting in evidence these deeds, and considering them as a basis of five years' limitation. The defense of limitation, therefore, was not established, and as plaintiffs proved title to the land, they should have had judgment.

The judgment of the court below is reversed, and here rendered for appellants for the land.

*Reversed and rendered.*

Delivered April 18, 1894.

Writ of error refused by the Supreme Court, June 18, 1894.