## HERMAN KRUEGEL V. CHAS. S. COBB ET AL.

Decided January 8, 1910.

**1.—Judgment—Reasons Immaterial.**

When the judgments or rulings of the trial court are correct it is immaterial what reasons the court may give for rendering them.

**2.—Bill of Review—Writ of Error—Concurrent Remedies.**

It seems that the remedies by bill for review of a judgment and by writ of error are concurrent.

**3.—Same—New Trial within Two Years—Statutes.**

Article 1375, Rev. Stats., permitting application for a new trial within two years after rendition of judgment, applies only where the defendant has been cited by publication and he does not appear either in person or by an attorney selected by himself.

**4.—Same—Equitable Proceeding.**

An application for a new trial subsequent to the term at which the judg-

ment was rendered is in the nature of a suit in equity and whatever would be the subject of equitable cognizance would be of like cognizance in such a proceeding, such for instance as a meritorious defense or cause of action of which the applicant had been deprived by fraud, accident or mistake without fault or neglect on his part.

### 5.—Same.

When a new trial is sought after the term because the judgment was obtained by false testimony of the opposite party, it must be made to appear that the falsity of the testimony was not discovered until after the close of the term; or if because the applicant was denied some meritorious defense, it must be made to appear not only that he did not know of the facts but that his ignorance did not result from any lack of diligence on his part.

### 6.—Trespass to Try Title—Constable's Sale—Title.

In the absence of evidence of a judgment and execution, or excuse for their non-production, a constable's deed to property is a nullity and shows no right or title in the plaintiff in trespass to try title claiming under such deed against the alleged judgment debtor, the title to whose property is in issue.

### 7.—Bill of Review—Requisite.

A petition based on equitable grounds for a new trial after close of the term, must be sufficient to have entitled the petitioner to a new trial if applied for during the term, and also show a sufficient excuse for not having made the application at that time. Petition considered, and held insufficient in this respect.

### 8.—Same—Insufficiency.

A petition for a new trial after the close of the term, and the evidence adduced at the trial, considered, and held so deficient in equity as to justify the court in sustaining a general demurrer to the petition and in instructing a verdict against the petitioner.

### 9.—Same—Judgment by False Testimony.

Where a petitioner seeks to have a judgment at a past term set aside on the ground that it was obtained by false testimony, he should aver some sufficient reason why he did not expose the falsity of the testimony at the trial of the case, and should show that another trial would probably result in a different judgment.

### 10.—Same—Fraud and Collusion—Damages.

A plaintiff in trespass to try title shows no actual damage to himself by reason of fraud or collusion on the part of the defendants in said suit, their witnesses and the trial judge, in procuring and rendering a judgment against him for the land in controversy, when it conclusively appears from his own testimony and proof that he had no title to the land involved, and the result of the trial must have been the same even though there had been no fraud, collusion and false swearing.

### 11.—Actual Damages—Exemplary Damages.

Exemplary damages cannot be recovered in the absence of actual damages.

### 12.—Action for Damages—Judicial Officer.

It is a settled principle and the very foundation of all well ordered jurisprudence, that every judge, whether of a higher or lower court, in the exercise of the jurisdiction conferred on him by law, has the right to decide according to his own free and unembarrassed convictions uninfluenced by any apprehension of private prosecution.

### 13.—Same.

No public officer is responsible in a civil suit for a judicial determination however erroneous it may be and however malicious the motive which

prompted it. Such acts, when corrupt, may be punished criminally, but the law will not allow malice and corruption to be charged in a civil action against an officer for what he does in the performance of a judicial duty. The rule extends to judges of all degrees, to jurors and to all judicial officers, whatever name they bear.

### 14.—Amending Pleading—Practice.

While much liberality is allowed in the amendment of pleadings in our practice there is a limit to the right. When ample time and opportunity have been given a party to perfect his pleadings and he fails to do so, the action of the trial court in refusing to further delay the trial and hinder the business of the court in order that an amendment might be prepared and filed will not be cause for reversal.

Appeal from the District Court of Dallas County. Tried below before Hon. J. C. Roberts.

*Herman Kruegel,* for himself.—A judgment obtained by fraud or false swearing is invalid, and the injured party may have the case re-examined if during the term, upon motion for new trial, or if after the term, then upon a suit for new trial. McMurray v. McMurray, 67 Texas, 668-69; Drinkard v. Ingram, 21 Texas, 654; Bell v. Walnitzch, 39 Texas, 135.

A bill of review is a common law remedy, and if filed at a subsequent term will lie to set aside a judgment obtained and rendered at a former term adverse to plaintiff by fraud or accident of the court or by an act of the opposite party, unmixed with fraud or negligence on the part of plaintiff in a manner beyond his control. Rev. Stats. of Texas, arts. 1375 and 1376; Merrell v. Roberts, 78 Texas, 28; Johnson v. Templeton, 60 Texas, 238; McMurray v. McMurray, 78 Texas, 584; Bryorly v. Clark, 48 Texas, 345; Vardeman v. Edwards, 21 Texas, 737; Goss v. McClaren, 17 Texas, 107; Browning v. Pumphrey, 81 Texas, 163; Eddleman v. McGlathery, 74 Texas, 280; Weaver v. Vandervanter, 84 Texas, 691; Smith v. Patrick, 36 S. W., 762; Lightfoot v. Wilson, 11 Texas Civ. App., 151.

That ignorance of law is no excuse to the humblest citizen, and that every wilful or negligent wrongdoing of one person to the injury of another carries with it a corresponding liability, and that what is fraud is a question of law, but that whether there was fraud is a question of fact, and that a judgment rendered in a court without jurisdiction is illegal, null and void, and that a bill of review or suit for new trial to set aside and cancel a judgment obtained by fraud and false swearing, must by law, like a motion for new trial, be filed and tried in the same court in which the judgment was rendered, and is not a transferable case, is such a matter of law in which the parties to such bill of review or suit for new trial, and especially the judge of the court, are in law charged with knowledge of knowing. Rev. Stats. of Texas, art. 1455; Texas & P. R. Co. v. Murphy, 46 Texas, 357; Houston & G. N. R. Co. v. Parker, 50 Texas, 345; Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 274; Missouri P. Ry. Co. v. Weisen, 65 Texas, 443.

Arbitrary, deceitful, unjust and oppressive rulings are not such due course of law of the land as is meant by sections 13 and 19 of the

Constitution of the State of Texas, and section 1 of the Fourteenth Amendment of the Constitution of the United States. Armstrong v. Traylor, 87 Texas, 508; Lloyd v. Brink, 35 Texas, 1; Davidson v. New Orleans, 96 U. S., 97; Wulzen v. Board of Supervisors, 40 Am. St. Rep., 17.

*Cobb & Avery,* for appellees.—Where a case has once been tried and judgment rendered against appellants, and statement of facts filed and everything done to perfect a writ of error therefrom, and a transcript has been made up and filed in this court, and appellant then fails to prosecute his writ of error by failing to file the proper briefs, and this court dismisses the writ of error, no bill of review will lie in the District Court. Schleuning v. Duffy, 37 Texas, 527; Caperton v. Wanslow, 18 Texas, 125; Burnley v. Rice, 21 Texas, 171 and 183.

In a bill of review the plaintiff's pleadings must, at the least, show that the first judgment was wrong, but the appellant's pleadings in this present suit show on their face that the judgment against him in the first suit was right for the following reasons, viz.: 1st. The first suit was an action of trespass to try title to a lot in the city of Dallas, in which suit plaintiff must recover on the strength of his own title as shown by the testimony. The only evidence of title in the first suit offered by appellant was a constable's deed purporting to convey the lot as the property of Murphy & Bolanz to Mrs. J. E. Harding and a deed from Mrs. Harding to him. But no judgment or execution was offered authorizing the constable to make the sale or deed, and these were absolutely necessary to show any title in appellant. Criswell v. Ragsdale, 18 Texas, 443; Wofford v. Mc-Kinna, 23 Texas, 36. 2d. In July, 1893, Murphy & Bolanz made a statutory general assignment of their property, for the benefit of all their creditors, to E. T. Loughborough, who duly qualified as assignee and acted as such for several years. The purported constable's deed under which appellant claims was made in February, 1894. Under such circumstances it is well settled that the constable's deed conveyed no title. Blum v. Wellborne, 58 Texas, 157; Hudson v. Eisenmayer, 79 Texas, 401. 3d. The undisputed evidence in the original suit showed that at the time of the purported levy mentioned in the constable's deed the lot was the business homestead of Murphy & Bolanz and had been for many years and was exempt from sale under execution. The appellant contended that partners could not claim homestead rights in partnership property, but as to this he was clearly wrong. Swearingen v. Bassett, 65 Texas, 267.

Where a demurrer is sustained, plaintiff has only the right to file a trial amendment, and if he is granted the privilege of amending generally he must do so in a reasonable time, and nearly a year is not a reasonable time. Trammell v. Swan, 25 Texas, 474 and 500; Glasscock v. Hamilton, 62 Texas, 143.

As to Judge Thos. F. Nash and Murphy & Bolanz, it is clear that they were not proper parties to this bill of review and that appellant's pleadings stated no cause of action against them. Taylor v. Goodrich, 25 Texas Civ. App., 109; Rains v. Simpson, 50 Texas, 495.

TALBOT, ASSOCIATE JUSTICE.—This is a proceeding, styled a bill of review, instituted by the appellant against Chas. C. Cobb, John M. Avery, J. P. Murphy, Chas. F. Bolanz, and Thomas F. Nash, in the District Court of the Fourteenth Judicial District of Texas, to set aside a judgment rendered in said court May 1, 1902, in cause No. 20444, in which the appellant herein was plaintiff and the said Chas. C. Cobb and John M. Avery were defendants, and to grant appellant a new trial of said cause. In addition to the foregoing relief, appellant, upon general allegations of collusion between Cobb and Avery and the presiding judge and false testimony given by Murphy and Bolanz to defeat a fair trial of said cause No. 20444, prays judgment herein for actual damages in the sum of $5,000 and exemplary damages in the sum of $10,000 against all of said defendants. His pleadings are very voluminous, covering one hundred pages of the record sent to this court, and purport to set out all the pleadings filed, all the material evidence introduced, and all the proceedings had in the original suit mentioned.

Said pleadings allege, in substance, that appellant's suit No. 20444 was an action of trespass to try title for the recovery of a lot and the improvements thereon situated on Main Street in the city of Dallas, house No. 253; that upon the conclusion of the evidence in the trial of said cause the court instructed the jury peremptorily to return a verdict for the defendants Cobb and Avery, which was done and judgment entered accordingly; that appellant prosecuted a writ of error from said judgment to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, which was by said court dismissed, because appellant failed to file printed briefs in said court; that after said writ of error was dismissed by the Court of Civil Appeals, and on April 29, 1904, appellant filed this proceeding in the District Court of the Fourteenth Judicial District.

It is further averred in appellant's pleadings herein, in substance, that the petition in his suit of trespass to try title showed that Murphy & Bolanz was a copartnership firm composed of J. P. Murphy and Chas. F. Bolanz, and that said firm formerly owned the lot sued for in said action; that on July 25, 1893, said Murphy & Bolanz, pretending to be insolvent, executed a fraudulent general assignment purporting to convey all their property, not exempt by law, to one E. T. Loughborough as assignee for the benefit of accepting creditors; that Mrs. J. E. Harding, under whom appellant claims, was a creditor of said Murphy & Bolanz, but did not accept under their assignment; that instead she sued on her claim amounting to $130, and recovered judgment therefor in December, 1893; that she caused an execution to be issued on said judgment, which was levied on the lot sued for in appellant's original suit of trespass to try title and sold by virtue of said execution on February 6, 1894; that Mrs. Harding became the purchaser of said lot at said sale and received a deed therefor which was properly acknowledged and duly recorded; that on February 1, 1894, while said assignment was still pending, Murphy and his wife and Bolanz and wife fraudulently sold and conveyed said lot to defendants Cobb and Avery by deed duly recorded, which deed recited a consideration of $18,000, $6,500 cash and balance on time;

that said petition further showed that on said 1st day of February, 1894, the said Cobb and Avery also purchased or pretended to purchase said property from E. T. Loughborough, assignee of Murphy & Bolanz, for one dollar; that said conveyances to Cobb and Avery were made to defraud the creditors of Murphy & Bolanz, which was well known to Cobb and Avery at the time of the execution and delivery of said deeds.

Appellant's petition in this suit further set out the answer filed by Cobb and Avery in appellant's said action of trespass to try title, which shows that they plead in said suit not guilty, the statutes of limitation of three and five years, and that any cause of action which appellant and those under whom he claimed title may have ever had growing out of the frauds alleged in his petition in said suit, arose more than four years before the commencement of said suit, and therefore was barred by the statute of limitation of four years; that in reply appellant by supplemental petition plead that the acts of fraud set up by him could not have been discovered earlier than 1899, and that up to the middle of the year 1899 Mrs. Harding, from whom he bought, was a married woman; that Murphy & Bolanz in September, 1898, filed a voluntary petition in bankruptcy, and June 9, 1899, were duly discharged; that they were not bankrupt in 1898, but were able to pay all their debts, and that they had notoriously failed to surrender all or any of their valuable property to the bankrupt court for the benefit of creditors.

Following the allegations showing what the pleadings of the parties were in the trespass to try title suit, appellant's petition herein purports to set out substantially all the material evidence, oral and documentary, adduced on the trial of said suit, and then charges that the testimony of Cobb and Avery given on said trial to the effect, "that there was no fraud in this trade so far as Cobb and Avery were concerned and that they had no notice or knowledge of any fraud by anyone else, and that Cobb and Avery had no notice or knowledge of any fraud in the assignment of Murphy & Bolanz, can not be believed by honest and intelligent men;" that the testimony of Murphy and of Bolanz to the effect that "they were still partners conducting a general real estate business in the city of Dallas, and as such had never ceased to do business in their building, 253 Main Street; that we intended then (meaning at the time when they bought the lot and built the building, 253 Main Street), to make it our business homestead, and we always claimed it as our business homestead from that time up to February 1, 1894, when we sold the property to Cobb and Avery and never abandoned it as our business homestead, and always conducted our business in said building and never closed it; that their assignment on July 25, 1893, was not a prearranged and fraudulent assignment, and that they were not aware of an assignment until advised by their attorneys on the day they made it, on July 25, 1893," was false and uttered to deceive and mislead the jury and the court.

Appellant's petition charges that Judge Nash, who presided at the trial of appellant's said action of trespass to try title, "was partial and biased against plaintiff and unusually favorably disposed towards defendants, Cobb and Avery, and their co-conspirators, Murphy &

Bolanz; and that Judge Nash, to prevent a true verdict of the jury in favor of plaintiff against defendants, conspired and colluded with defendants, Cobb and Avery, and their witnesses against Kruegel, and against law, and undermined the principles of the jury system, and under a peremptory charge, by sophistry under pretense of color of law, wilfully, wrongfully and unlawfully trespassed on plaintiff's constitutional rights and on the field and functions of the jury, and wilfully and wrongfully and unlawfully usurped to himself the duty and functions of the jury, to head off and circumvent a fair trial and a true verdict by a jury of plaintiff's peers, ........, which conspiracy, collusion and actions of the court are not errors, but wilful, actionable wrongs that can not be reached or cured by appeal."

The petition concludes with a prayer for a rehearing of his trespass to try title suit; that the judgment rendered therein be set aside and annulled; that in lieu thereof that he have judgment for the property therein sued for, and that on account of the conspiracy and wrongs alleged, he have judgment against all the defendants herein, namely, Cobb, Avery, Murphy, Bolanz and Nash, for the sum of $5,000 as actual damages and $10,000 as exemplary damages.

It appears from appellant's pleadings that a general demurrer to his "original petition for bill of review," was heard and sustained December 16, 1907, by Hon. Chas. F. Tucker, sitting as special judge, and appellant granted leave to file an amended or supplemental petition; that under the leave so granted appellant filed two supplemental petitions; the first, covering about nineteen pages of the record, was filed October 26, 1908, and the second, covering about seven pages, was filed November 6, 1908. These supplemental petitions, in a large measure, reiterates the charges of conspiracy, collusion, fraud and perjury alleged in appellant's original petition herein, and in addition thereto aver, in substance, that appellant's petition in his said trespass to try title suit presents on its face a valid and meritorious cause of action; that the judgment in said suit, which is by this proceeding sought to be set aside, was obtained by fraud or mistake of the court and false swearing of witnesses in a manner that could not have been anticipated by appellant and over which he had no control and to which he had in no way contributed; that appellant claims the property in question under a better, legal, valid, prior and superior title than the defendants in said suit, obtained by him for a valuable consideration from Mrs. J. E. Harding, a married woman, though living separate and apart from her husband, whose whereabouts he does not know; that after having learned the fraud, deception and concealment of the fraud of Murphy & Bolanz, Cobb & Avery, and many others concerning said property and other matters incident thereto, he, appellant, paid her the price she asked, and she, by quitclaim deed, duly executed and delivered, sold and conveyed to appellant all her right, title and interest in said property.

The defendants answered herein by a general demurrer and general denial. On November 7, 1908, the case was called for trial, and upon presentation of defendants' general demurrer it was sustained, and the court having refused to allow appellant to again amend his plead-

ings, the cause was dismissed, to which action of the court the appellant excepted and now has the case before this court on appeal.

We shall not quote and discuss in detail the several assignments of error. The principal question involved is whether or not the appellant's petition shows upon its face that he is not entitled to the relief sought. In explanation of a bill of exceptions reserved by the appellant to the court's action in sustaining appellee's general demurrer and dismissing his case, the presiding judge states that said demurrer was sustained "on the theory that this is a suit to set aside a judgment obtained in the court at a former term, 1902, an appeal from which was dismissed in the Honorable Court of Appeals on February 13, 1904;" and appellant seems to insist that unless the court's ruling can be sustained on the ground that because he prosecuted an appeal from said judgment he is thereby precluded from maintaining this proceeding, the case ought to be reversed and remanded for trial. We are of the opinion, however, that appellant's petition shows on its face that he is not entitled to a new trial of his suit of trespass to try title against Cobb & Avery, and hence the court's action in respect thereto must be sustained, no matter whether he gave the correct reason therefor or not. Rulings of the courts, when brought in review before a higher tribunal, have frequently been upheld for reasons entirely different from those upon which such rulings were based. (Missouri, K. & T. Ry. Co. v. Waggoner, 102 Texas, 260.)    What effect the prosecution of an appeal or writ of error from the judgment rendered in appellant's said trespass to try title suit has upon his right to reopen said judgment in this suit, we deem it unnecessary to determine. It has been held, however, by the Supreme Court of this State that the remedy by petition for review given under a statute very similar to article 1375, our present statute upon the subject, was additional to the remedy by writ of error and not preclusive thereof, and that said remedies are concurrent. (Chrisman v. Miller, 15 Texas, 159; Doty v. Moore, 16 Texas, 592.)

But the appellant's right to reopen the judgment as prayed for in the present case, if any he has, is not given by article 1375, nor by any other provision of our statute. Article 1375 reads as follows: "In cases in which judgment has been rendered on service of process by publication, when the defendant has not appeared in person or by an attorney of his own selection, a new trial may be granted by the court upon the application of the defendant for good cause shown, supported by affidavit, filed within two years after the rendition of such judgment." The effect of this statute, as is clearly expressed by its language, is to allow two years in which to make application for a new trial in suits where service is had upon the defendant by publication, and this only when the defendant has neither appeared in person nor by an attorney of his own selection. It has no application when the defendant has been personally served with citation, or when he appears in person, or by an attorney selected by him.

It seems to be well established, however, by the decisions that in applications for a new trial made subsequent to the term at which the judgment was obtained, the complainant is not confined to the rules of practice prescribed by the statute. The proceeding may be

treated as one in the nature of an original suit in equity, and whatever would be the subject of equitable cognizance would be of like cognizance in a suit for a new trial. If, in such a case, it appears that the judgment was obtained by fraud, accident or mistake, without any want of diligence on the part of the person against whom it was rendered, or by either of such means the complaining party, without his fault or neglect, was denied a meritorious defense, our District Courts, in the exercise of their equitable powers, may reopen the case and by a reexamination of it on its merits grant such relief as equity and justice may demand. (Overton v. Blum, 50 Texas, 417; McMurray v. McMurray, 67 Texas, 665.) If relief is sought on the ground that the judgment was procured through the false testimony of the opposite party, it must appear by the allegations of the petition, or be fairly or reasonably inferred therefrom, that the falsity of the testimony was not discovered until after the close of the term at which such judgment was rendered; or if because of the denial of some meritorious defense to the action, it is not sufficient that the complainant did not know of such ground of defense, but it must appear that ignorance of the defense did not result from any lack of diligence on his part.

As before stated, appellant's petition alleges, in effect, that the judgment rendered against him in his suit of trespass to try title against Cobb & Avery was the result of false testimony given by Murphy & Bolanz on the trial of that case, and a conspiracy entered into between the several defendants in this suit to circumvent and defeat a fair trial. His pleadings, as has been seen, also aver that he claimed title to the property which was involved in the trespass to try title suit, through Mrs. Harding, who purchased said property at a constable's sale made on February 6, 1894, by virtue of an execution issued upon a judgment in her favor against Murphy & Bolanz, and purports to set out the evidence, oral and documentary, adduced on the trial of said suit. We have carefully examined the record and the only evidence we find that was offered in support of his claim of title is a constable's deed purporting to convey the lot and premises sued for by him, as the property of Murphy & Bolanz, to Mrs. J. E. Harding, and a deed from the said Mrs. Harding to him. Neither the judgment in favor of Mrs. Harding against Murphy & Bolanz, nor the execution under which the property sought to be recovered was sold, appears to have been introduced. Nor do we find that any testimony was offered showing or tending to show the loss or destruction of said judgment and execution, or that for any reason they could not be produced; neither do we find any testimony proving the contents of said judgment or execution. The parties claimed title to the property through Murphy & Bolanz as common source, and the introduction in evidence of this judgment and execution, or proof of inability to produce them and of their contents, was indispensable to appellant's right to recover. Without proof of his power to sell, a sheriff's or constable's deed must be treated as a nullity, and unless it is supported by the judgment and execution it will convey no title. (Wofford v. McKinna, 23 Texas, 36; Leland

v. Wilson, 34 Texas, 79.)     No effort to deraign title beyond this common source seems to have been made.

Again, it is well settled ·by the decisions of this State that a petition based on equitable grounds for a new trial and made after the adjournment of the term of court at which the case was tried and judgment rendered, must show sufficient matter to have entitled the applicant to a new trial if applied for at the term at which the judgment was rendered, and also a sufficient legal excuse for not having made the application during such term.  (Goss v. McClaren, 17 Texas, 120; Cook v. De la Garza, 13 Texas, 432; Hough v. Hammond, 36 Texas, 657; Ragsdale v. Green, 36 Texas, 193.)     Appellant's petition in this suit does not show that he complied with this rule. Indeed, he does not show that he made any motion for a new trial in the original suit of trespass to try title at the term of the court at which the judgment therein was rendered.     Nor does he show or attempt to show why this was not done.

It therefore follows that for the first above stated reason it was not only proper, but became the duty of the trial judge to instruct the jury to return a verdict in said suit for the defendants Cobb & Avery; and for both or either of the foregoing reasons the general demurrer urged in this suit was properly sustained.

Whether the property sued for by appellant in his said suit of trespass to try title was at the time of the execution sale under which appellant claims, the business homestead of Murphy & Bolanz, became a question on the trial of said suit; and that it was such homestead up to the 22d day of July, 1893, is clearly established, we think, by the undisputed evidence; but whether on that date it was abandoned and ceased to be the business homestead of said parties was probably an issuable fact.     We are inclined to the opinion, however, that the preponderance of the evidence of probative force tended to establish the negative of the question, but we do not base our decision upon that phase of the case.

We are also of the opinion that the allegations of appellant to the effect that the judgment sought to be vacated in this proceeding was obtained by the false testimony of J. P. Murphy and Chas. F. Bolanz, are insufficient to authorize the granting of a new trial, and were therefore subject to appellees' general demurrer.     This testimony related to defenses arising on the pleadings filed by Cobb & Avery in the original suit; and to grant a new trial on the allegations that said testimony was false, would result in allowing appellant to try over again a case which had before been adjudicated between the same parties after notice, appearance, and an opportunity for a full hearing, followed by an adjudication upon the evidence offered in support of said defenses.     The allegations do not present a case calling for an application of the established principle of jurisprudence that courts of justice have power in a proper proceeding to set aside or annul their judgments whenever it appears that an innocent party without notice has been aggrieved ·by a judgment obtained against him without his knowledge or fault, by the fraud of the other party.     The allegations of appellant are simply to the effect that certain testimony given by Murphy & Bolanz, and possibly Cobb & Avery, on the trial

of his trespass to try title suit in relation to questions therein involved, and in which the judgment sought to be vacated by this proceeding was rendered, was false. He does not allege that for any reason he was prevented or unable to show the falsity of said testimony in the trial of said suit, nor does it appear that since said trial he has discovered testimony which was unknown to him at the time of the trial and which could not have been discovered in the exercise of reasonable diligence on his part, by which the falsity of said testimony can be established and a different result produced upon another trial. On the contrary, by the testimony of appellant, given on the trial of said original suit, it appears that he discovered in 1899, long before he brought his suit against Cobb & Avery for the lot and premises described in his petition in said suit, facts and circumstances which convinced him that J. P. Murphy and Chas. F. Bolanz could not be believed on oath, and hence should have been prepared with such testimony as he could produce to impeach said witnesses or to rebut any material testimony given by them on the material issues raised by the pleadings. If by granting a new trial of said suit of trespass to try title upon appellant's allegations that the judgment therein was procured by the false testimony of Murphy & Bolanz, the case should again be tried on practically the same evidence and again result in a judgment unfavorable to appellant, for the same reason as is now presented he could again insist that such judgment be vacated, and so on indefinitely. A judgment can not be called in question on the ground of fraud in its procurement, in a separate and independent suit subsequently brought between the same parties, when it appears that the said judgment was entered after due notice to the adverse party, followed by an adjudication upon the evidence offered in support of the allegations in the first suit. (Greene v. Greene, 2 Gray (Mass.), 361.)

Nor do the allegations in this suit show any cause of action against the appellees for the actual and exemplary damages sought to be recovered on the theory that there was a conspiracy entered into between the appellees to defeat by false testimony and the partiality of the trial judge a fair trial of appellant's original suit against Cobb & Avery. The claim made for such damages is evidently based upon the alleged fact that by reason of the conspiracy charged appellant failed to recover the lot and premises sued for in his action of trespass to try title against Cobb & Avery, whereby he lost the value of said property, $25,000, and the rents and revenues arising therefrom, amounting to $2400 per annum, when as a matter of fact the allegations of his petition show that he failed to prove title in himself and hence not entitled to recover said property whether the conspiracy and partiality alleged did or did not exist. His petition shows no other ground for actual damages, and having failed to establish by proof his claim of title or right of possession to the property, he suffered no such damages of which he can now justly complain on account of the adverse judgment rendered against him, and not having sustained any actual damages, exemplary damages were not recoverable.

For another and different reason no right of recovery against Judge

Nash was shown, and the District Court did not therefore err in refusing, as is insisted by appellant, upon the suggestion of Judge Nash's death, to continue the case to make his legal representatives or heirs parties. It is a settled principle, "and the very foundation of all well ordered jurisprudence, that every judge, whether of a higher or a lower court, in the exercise of the jurisdiction conferred on him by law, has the right to decide according to his own free and unembarrassed convictions uninfluenced by any apprehension of private prosecution." (Taylor v. Goodrich, 25 Texas Civ. App., 109; Yates v. Lansing, 5 Johns., 282; Rains v. Simpson, 50 Texas, 495.) In the last cited case, after making the above and other quotations from the case of Yates v. Lansing, *supra,* it is said that, "from the very necessity of the case this immunity from private liability extends not only to negligent, but wilful and malicious judicial acts," citing Pratt v. Gardner, 2 Cush., 69, and Weaver v. Devendorf, 3 Den., 117. In the last mentioned case Beardsley, J., speaking for the court, says: "No public officer is responsible in a civil suit for a judicial determination, however erroneous it may be, and however malicious the motive which prompted it. Such acts, when corrupt, may be punished criminally, but the law will not allow malice and corruption to be charged in a civil suit against such an officer for what he does in the performance of a judicial duty. The rule extends to judges from the highest to the lowest; to jurors, and to all public officers, whatever name they may bear, in the exercise of judicial power." It is said that the principles upon which these decisions rest "lie at the very foundation of all good government—the greatest good to the greatest number;" that "in the imperfection of human nature it is better that an individual should occasionally suffer a wrong than the course of justice should be impeded and fettered by constant and perpetual restraint and apprehension on the part of those who are to administer it" (Garnett v. Ferrand, 6 B. & C., 611); that the privilege is not intended so much for the protection of the judge as an individual, as for the protection of society by preventing the scandal and embarrassment which would follow should the judicial department which represents one of the most sensitive and vital parts of sovereignty, be subjected to the separate prosecutions of private parties." (Rains v. Simpson, *supra.*) Of course, the application of this principle or immunity depends upon whether the particular or given act was ministerial or judicial. The action will in the former case be sustained, and in the latter it will not. The charges of conspiracy and collusion on the part of Judge Nash are manifestly based upon his action in directing a verdict in favor of Cobb & Avery. This action involved the exercise of discretion or judgment and was therefore judicial. (Commissioner v. Smith, 5 Texas, 571; Arberry v. Beavers, 6 Texas, 467.

The third and fourth assignments of error are grouped. The third complains that the trial court erred in refusing, after appellees' general demurrer had been sustained, to grant appellant leave to amend his pleadings. The fourth asserts that the court erred in sustaining the defendants' general demurrer. These assignments present separate and distinct questions for decision; they are not accompanied with

any proposition whatever, and under the rules are not entitled to consideration. We are of opinion, however, that neither assignment shows reversible error. The fourth has already been disposed of against appellant's contention. With reference to the third, it may be said that amendments of pleadings ordinarily are liberally allowed in our practice, but there is certainly a limit to such right. In this case it appears, as has been shown, that in December, 1907, a general demurrer to appellant's original petition was sustained and appellant granted leave to file an amended or supplemental petition. Under this permission appellant filed two supplemental petitions, the first covering nineteen pages, and the second seven pages of the record. These supplemental petitions, in our opinion, failed to strengthen appellant's case, and when again called for trial, November 7, 1908, a general demurrer was again sustained. That appellant had been afforded ample time and opportunity to fully plead all the material facts constituting his cause of action or grounds for the relief sought, can hardly be questioned, and we think the court, under the circumstances, was clearly justified in refusing to entertain further amendments. It is said that when such time and opportunity has been given to remedy defects in the pleadings, parties have not the right to delay the trial and hinder the progress of the business of the court for that purpose. (Trammel v. Swan, 25 Texas, 500; Alexander v. Brown, 29 S. W., 561.)

After a careful consideration of appellant's assignments of error and of the record, we have been unable to discover any error which, in our opinion, authorizes a reversal of the case, and the judgment of the lower court is, therefore, affirmed.

*Affirmed.*

Writ of error refused.