## KRUEGEL v. JONES et al.†

(Court of Civil Appeals of Texas. April 1, 1911. Rehearing Denied April 29, 1911.)

1. APPEAL AND ERROR (§ 1135*)—REVIEW—VERDICT—FAILURE OF PROOF.

In an action against a clerk of court for damages for an alleged conspiracy with others to delay and hinder plaintiff's suits and for an alleged refusal to issue a commission to take depositions, where the record fails to show that plaintiff made any motion to procure an order of court requiring defendant to issue such commission, and where there is no proof in the record that plaintiff sustained any damages whatever, there is no error in finding for defendant.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1135.*]

2. JUDGES (§ 36*)—JUDICIAL ACTS — CIVIL LIABILITY.

For finding a party guilty of contempt and imprisoning him, or for failure to exchange districts with another judge to sit at the trial for which he had been appointed, a judge is not liable for damages, since a judicial officer is not civilly liable for his judicial acts whether such acts were right or wrong.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 178, 179; Dec. Dig. § 36.*]

3. CLERKS OF COURTS (§ 72*) — JUDICIAL FUNCTIONS—CIVIL LIABILITY.

A clerk of court who contests a party's affidavit in lieu of a cost bond, with the result of continuing the case for the term and of its final abandonment, is not civilly liable where he is authorised by law to make such a contest.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 119–126; Dec. Dig. § 72.*]

4. APPEAL AND ERROR (§ 1067*)—REVIEW—HARMLESS ERROR—INSTRUCTIONS—FAILURE OF EVIDENCE.

Where the evidence in an action for damages from an alleged conspiracy fails to show what amount of money the plaintiff had to pay out, or the value of the labor that he had to expend or that·he had lost any case which would have been of benefit to him, the refusal of requested special charges is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1067.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by Herman Kruegel against H. W. Jones and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Herman Kruegel, for appellant. Thompson & Word and D. A. Eldridge, for appellees.

RAINEY, C. J. Appellant brought this suit for damages against H. W. Jones, district clerk, and the sureties on his official bond, to wit, Royal A. Ferris and J. B. Adoue, administrator of Frank Reeves, deceased, but suit was afterwards dismissed as to said administrator, Irby Dunklin, A. B. Rawlins, and sureties on his official bond, namely, Royal A. Ferris, E. M. Reardon, A. V. Lane, and G. W. Owen.

The allegation against Jones was that as clerk he unlawfully and wrongfully refused to issue a commission to take the deposi-tions of J. P. Murphy in a certain suit wherein he was plaintiff, by which he was damaged. As to Rawlins he alleged that Rawlins, as clerk, contested an affidavit filed by appellant of his inability to pay or secure the costs in a suit brought by the appellant then pending, which caused the continuance of said case, and said contest was finally abandoned. As to Irby Dunklin, it is alleged that he was the district judge of the Forty-Eighth judicial district of Tarrant county, and was appointed by the Governor of Texas to exchange districts with T. F. Nash, judge of the Fourteenth judicial district of Dallas county, to try a case pending in said Fourteenth judicial district in which appellant was plaintiff and in which Judge Nash was disqualified, that said Judges Nash and Dunklin refused to make the exchange, and that Judge Dunklin unlawfully and wrongfully caused him to appear before the court of the Forty-Eighth judicial district to answer for contempt and he was then and there adjudged guilty and imprisoned in the county jail for a period of 24 hours.

It was further alleged that all of said parties had maliciously and willfully entered into a conspiracy to hinder, delay, defeat,. and outlaw the final action and hearing of aforesaid valid bill of review and his other suits pending in the district courts of Dallas county, wherefore he prays for judgment jointly and severally against all the defendants for damages. Defendants pleaded the general issue. A trial upon the merits before a jury resulted in a verdict and judgment for appellees, and appellant appeals.

We have read carefully the statement of facts in full, and we have been unable to find a particle of evidence showing a conspiracy between the parties or two of them to hinder, or delay, the appellant from securing his rights through the courts. The trial court gave a fair charge on conspiracy. The jury have found a verdict against said proposition, and we see no cause for disturbing the verdict.

[1] As to the act of H. W. Jones in not issuing a commission to take the depositions of Murphy, there is no proof in the record that appellant sustained damages in any sum whatever. Besides, by proper proceedings, appellant could have, by motion, procured of the court an order requiring Jones to issue such commission, but the record fails to show that any such motion or other proceeding was had. In this state of the record there was no error in finding for defendants.

[2] As to Irby Dunklin, the record shows he was a district judge of the Forty-Eighth judicial district, and, in finding the appellant guilty of contempt and imprisoning him, he was acting in his judicial capacity, and is not liable in this action, whether his act in

so doing was right or not. Kruegel v. Cobb, 124 S. W. 723. Judge Dunklin is not liable to appellant in damages for failing to exchange districts with Judge Nash, and try the case, for which he was selected to try.

[3] As to Rawlins, we are of the opinion he is not liable to appellant for contesting appellant's affidavit in lieu of a costs bond, as the law authorizes him to make such a contest. That such contest had the effect to continue the case for the term and it was afterward abandoned is immaterial.

[4] In view of the evidence, we think the refusal of certain special charges requested by appellant was harmless, as the evidence fails to show what amount of money he had to, pay out, what amount of labor he had to expend and the value thereof, or that he had lost any case which would have been of benefit to him.

So, having failed to show any damages resulting to him, we have failed to find any reversible error in the record.

The evidence supports the verdict and judgment, and the judgment will therefore be affirmed.

Affirmed.