**FLENNIKEN v. FOOTE et al.    (No. 1712.)**

(Court of Civil Appeals of Texas. El Paso. Feb. 26, 1925. Rehearing Denied March 26, 1925.)

1. **Evidence ⬅═366(11)—Sheriff's deed held not evidence of title without proof of order of sale.**

Sheriff's deed, reciting levy made under order of sale issued upon judgment, *held* not evidence of title without proof of order of sale to show sheriff's authority to sell.

2. **Partition ⬅═63(3)—Trespass to try title ⬅═ 41(1)—Judgment held properly rendered for defendants on plaintiff's failure to show valid order of sale in support of sheriff's deed.**

Where plaintiff's action in trespass to try title and for partition was based on sheriff's deed and defendants' cross-action, on a deed dated subsequent to sheriff's deed, judgment *held* properly entered for defendants, where plaintiff failed to show valid order of sale in support of sheriff's deed.

3. **Appeal and error ⬅═1071(2)—Conclusions of trial court, if erroneous, held harmless error.**

Conclusions of trial court, if erroneous, *held* harmless error, where the judgment was rendered for the right party.

4. **Costs ⬅═177—Fee of guardian ad litem of minor defendants held properly taxed as costs and charged against unsuccessful plaintiff.**

In view of Rev. St. arts. 1942, 2035, fee of guardian ad litem of minor defendants *held* properly taxed as costs and charged against unsuccessful plaintiff, in suit in trespass to try title and for partition.

5. **Appeal and error ⬅═239—Absence of motion to retax costs precludes revision on appeal.**

Absence of motion to retax costs precludes Court of Civil Appeals from revising trial court's action with respect to taxing of costs.

---

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Haskell County; W. R. Chapman, Judge.

Action by H. M. Flenniken against R. L. Foote and others, who interposed a cross-action. Judgment for defendants, and plaintiff appeals. Affirmed.

A. J. Smith, of Haskell, for appellant.

W. H. Murchison and H. R. Jones, both of Haskell, for appellees.

HIGGINS, J. Appellant brought this suit in trespass to try title to an undivided one-half interest in 100 acres of land, and for partition against the appellees, R. L. Foote and the minors Lucile, Eleanor, Garvin, and Hazel Foote; said minors being the children of R. L. Foote and his wife Lochie Foote, who died intestate November 25, 1920. The defendants reconvened for title, and upon trial without a jury judgment was rendered that the plaintiff take nothing and in favor of the defendants upon their cross-action. The material facts controlling the disposition of the appeal are undisputed and as follows:

The 100-acre tract in controversy was conveyed by J. W. Wiggins and wife to R. L. Foote and R. H. Sprowles on February 23, 1911, for the consideration of $2,000 cash and the assumption by the grantees of the payment of outstanding purchase-money notes against the land, amounting to $2,200. Thirteen hundred dollars of such cash payment was paid by Louisa Sprowles, the wife of R. H. Sprowles, out of her separate estate. By deed dated September 6, 1922, Sprowles and wife conveyed an undivided one-half interest in the 100-acre tract to R. L. Foote.

On April 24, 1923, appellant recovered a judgment in the district court of Haskell county against R. H. Sprowles and one D. M. Sprowles for $1,201.75, with foreclosure of an attachment lien against the undivided interest of the defendant R. H. Sprowles in said 100-acre tract as it existed on June 2, 1922. The judgment recites that an attachment had been issued and levied on June 2, 1922. The attachment lien record of Haskell county was offered in evidence showing that the attachment was levied on said date on an undivided one-half interest in said 100 acres belonging to R. H. Sprowles, which levy was filed and recorded June 2, 1922.

The appellant offered in evidence a deed dated October 10, 1923, by the sheriff of Haskell county, conveying to him the un-divided one-half interest in said 100 acres owned by R. H. Sprowles on June 2, 1922. The deed recites a levy made June 9, 1923, under an order of sale issued upon the above-mentioned judgment. The order of sale was not offered in evidence, nor was it otherwise proven by secondary evidence.

[1] We need not discuss any of the appellant's propositions affecting the merits of the case except the third. This in effect asserts that it was not necessary for him to offer in evidence the order of sale in order to show title in himself. This is untenable. In Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53, it was said:

"A sheriff's deed is inoperative without proof of his power to sell; it is no evidence of title, without the production of the judgment and execution."

[2, 3] The rule thus announced has been applied in Leland v. Wilson, 34 Tex. 79, Lamar County v. Talley (Tex. Civ. App.) 127 S. W. 272, and Rule v. Richards, 207 S. W. 912. The last-cited case by the Commission of Appeals is authority for the further proposition that the recital in the sheriff's deed that its execution was by virtue of an order of sale issued upon said judgment is not competent secondary evidence of his authority to sell. The appellant having thus failed to show a valid order of sale in support of the sheriff's deed under which he claims, he has not connected himself with the Sprowles title and showed no right of recovery. On the other hand, the defendants did so connect themselves by the deed of September 6, 1922, and judgment was properly rendered in their favor upon their cross-action. For the reason indicated the proper judgment was rendered, and error, if any, in the trial court's conclusions, against which appellant's assignments are directed, becomes harmless.

[4] The fee of the guardian ad litem of the minor defendants was taxed as costs and charged against the plaintiff. This was proper. Articles 1942 and 2035, R. S.; Ashe v. Young, 68 Tex. 125, 3 S. W. 454.

[5] Furthermore, there was no motion in the lower court to retax the costs, and in the absence thereof this court cannot revise the action of the lower court with respect to this matter. Tutt's Heirs v. Morgan, 18 Tex. Civ. App. 627, 42 S. W. 578, 46 S. W. 122; Bridge v. Samuelson, 73 Tex. 522, 11 S. W. 539.

Affirmed.