## SHAW, Banking Commissioner, v. NUNN.
### No. 4318.

Court of Civil Appeals of Texas. Texarkana.
March 30, 1933.

McKinney & Berry, of Cooper, for appellant.

Cunningham & Lipscomb, of Bonham, for appellee.

SELLERS, Justice.

Henry L. Nunn brought this suit in the district court of Fannin county against W. E.

Weldon and James Shaw in his capacity of banking commissioner of Texas, alleging in the first count in his petition the statutory action in trespass to try title to certain lands located in Fannin county; and in the second count by way of an alternative plea, sought judgment for his debt of $8,814 as evidenced by a vendor's lien note against the property; and further sought the foreclosure of the vendor's lien securing said indebtedness. He further alleged that James Shaw, banking commissioner, was claiming some character of interest in the land and that such interest, if any, was inferior to his.

The defendant W. E. Weldon made no answer, but the defendant James Shaw, banking commissioner, answered by general denial and plea of not guilty, and by special answer alleged that the deed and vendor's lien under which the plaintiff claimed were each void and setting out the fact on which he relied as constituting such instruments void.

The trial was before the court without aid of a jury, and, at the conclusion of the evidence, the court rendered judgment for plaintiff for his debt against W. E. Weldon with foreclosure of his vendor's lien against both defendants, decreeing such lien superior to any claim of James Shaw, banking commissioner. From this judgment the defendant James Shaw, banking commissioner, has duly prosecuted this appeal.

The facts pertinent to the disposition to be made of this appeal may be stated as follows: The parties agreed upon the First National Bank of Ladonia as a common source of title. The appellee Nunn introduced in evidence a deed from the bank to W. E. Weldon for the land involved which deed recites a cash consideration of $10, and the further consideration of the vendor's lien note for the sum of $8,814. This deed was dated January 31, 1930. The appellee also introduced the vendor's lien note. He further introduced in evidence a deed dated January 31, 1931, from the defendant W. E. Weldon conveying the land to the appellee in satisfaction of the vendor's lien note and the release of the lien against the land.

The appellant James Shaw, banking commissioner, claims title to the land by virtue of a judgment in the district court of Delta county against defendant W. E. Weldon with foreclosure of an attachment lien against the land involved. The appellant introduced an order of sale issued on this judgment. He further introduced the sheriff's deed conveying him the land by virtue of the sale under the order of sale. But the judgment on which the order of sale was issued and the sale of the land by the sheriff was had was not offered in evidence.

Since the opinion in the case in Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53, the law seems to have been well settled in this state that a sheriff's deed is inoperative without proof of his power to sell. In order to show title through sheriff's deed it is necessary to introduce both the judgment and the writ issued thereon by which the sheriff makes the sale. In this case, as before stated, the appellant failed to introduce the judgment and has therefore failed to connect himself with the title to the land involved. Kruegel v. Cobb, 58 Tex. Civ. App. 449, 124 S. W. 723.

Appellant having failed to show any title to the land involved, his assignments affecting the merits of the case will not be discussed. Flenniken v. Foote (Tex. Civ. App.) 270 S. W. 903.

The record disclosing that the defendant W. E. Weldon has conveyed the land involved to appellee in satisfaction of the debt and released the vendor's lien, and the further fact that appellant has failed to show any title to the land, we are of the opinion that the judgment of the trial court awarding appellee judgment for his debt with foreclosure of the lien and ordering the land sold, and further decreeing to appellant any balance over the amount of appellee's debt, should be reversed and judgment here rendered in favor of appellee for title to the land involved as against appellant and the defendant Weldon as sought by the appellee in the first count in his petition, and it is accordingly so ordered.