700

## OVERSTREET et ux. v. DEARMORE.

### No. 13052.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 9, 1934.

Rehearing Denied Dec. 14, 1934.

J. S. Overstreet, of Ryan, Okl., for appellants.

T. B. Coffield, of Bowie, for appellee.

DUNKLIN, Chief Justice.

J. S. Overstreet and wife instituted this suit in the district court of Montague county against Judge H. N. Dearmore, county judge of that county, to recover damages alleged to have been sustained by them as the result of a judgment theretofore rendered against them by the defendant as judge of the county court in another suit filed in that court. It was alleged that the judgment so rendered in the former suit was erroneous and prompted by bias and prejudice towards the complainants in this suit.

The district court sustained a general demurrer to plaintiffs' petition filed in the present suit and dismissed the suit after plaintiffs had declined to amend. From that order plaintiffs have appealed.

Plaintiffs have undertaken to represent themselves here as they did in the court below and in the former suit. Their briefs filed here are not in compliance with the rules for briefing, and we are not required to consider them for that reason. However, we have examined the record and find no reversible error in the judgment rendered in this suit. It is a rule of universal application throughout the country that the judge of a court is not liable in a civil suit for damages resulting from an erroneous judgment rendered by him in a proceeding requiring the exercise of judicial discretion, even though his action in so doing be prompted by malice. The wisdom of that rule is self-evident, and without attempting a discussion of it, we deem it sufficient to cite some of the authorities announcing it, such as Rains v. Simpson, 50 Tex. 495, 32 Am. Rep. 609; Morris v. McCall (Tex. Civ. App.) 53 S.W.(2d) 667 (writ dismissed); Kruegel v. Cobb, 58 Tex. Civ. App. 449, 124 S. W. 723 (writ refused); Kruegel v. Jones (Tex. Civ. App.) 136 S. W. 835 (writ refused); Kruegel v. Murphy (Tex. Civ. App.) 126 S. W. 343 (writ refused); 25 Tex. Jur., § 15, p. 254.

The judgment of the trial court is affirmed.