### SNOWDEN et al. v. GLASPY et al.

### No. 12671.

Court of Civil Appeals of Texas. Dallas.

April 1, 1939.

R. H. Sigler, of Athens, for appellants.

Ross Huffmaster, of Kaufman, and J. P. Moseley, of Ennis, for appellees.

LOONEY, Justice.

M. D. Glaspy, E. K. Atwood and E. L. Raphael sued John W. Easterwood, George Snowden and William Dowdell (also mentioned as Dowdle) in an action of trespass to try title, for the recovery of the title and possession of lands situated in Kaufman County, Texas, and to recover rents for the year 1937, alleging that both the plaintiffs and defendants claimed under Nellie Cummings, H. C. Kibbee and E. L. Spruch (or Spurck) as the common source of title. The defendants Easterwood and Snowden answered by a general denial and a plea of not guilty; the defendant Dowdell (or Dowdle) failed to answer.

Trial of the cause was begun before the court, without a jury, on December 10, 1937, and, it seems, was concluded as to the issues regarding title, but in regard to the question of rents, the cause was postponed for further hearing, and set for December 17, and on that day the trial was completed, resulting in judgment for plaintiffs against all defendants for the recovery of the title and possession of the lands sued for, and for rents, as follows: Against defendant Easterwood, $28.97; against de-

fendant Snowden, $10, and against defendant Dowdell (or Dowdle), $156.88, from which Easterwood and Snowden appealed, and have properly raised the questions hereinafter discussed.

Although plaintiffs alleged a common source of title and sought to connect themselves therewith, no proof whatever was offered to show that the defendants Easterwood and Snowden claimed under the alleged common source.

■ The doctrine as to the right to recover on proof of common source is stated in 41 Tex.Jur. pp. 511, 512, Sec. 43, as follows: "In order to be entitled to recover, the plaintiff must establish (1) Connection of the plaintiff's claim or interest with the title of the common source, (2) Connection of the defendant's claim with the title of the common source, (3) Superiority of the plaintiff's claim or title. 'The correct rule is that, whenever a plaintiff, in a suit in trespass to try title, undertakes to sustain his claim of title by proof of common source, he must show, in order to make a prima facie case for himself, not only that both he and the defendant claim title under a common source, but also must show that the title emanating from the common source which the plaintiff claims is superior to that claimed by defendant, and that plaintiff holds such title.'" To the same effect, see Article 7382, R.C.S.; Caruthers v. Hadley, Tex.Civ.App., 115 S.W. 80; Hovel v. Kaufman, Tex.Com.App., 280 S.W. 185, 188.

■ In attempting to show title in themselves from the alleged common source, plaintiffs introduced in evidence three deeds by the sheriff of Kaufman County, to E. K. Atwood, reciting that, the sales resulting in the execution of the deeds, were by virtue of process issued on judgments rendered against Nellie Cummings, E. L. Spruch (or Spurck), and H. C. Kibbee, respectively (the alleged common source), but neither the judgments nor the process issued thereon, authorizing the sales, were introduced in evidence.

The doctrine controlling the situation just described, in our opinion, was correctly stated by Judge Sellers, of the Texarkana Court of Civil Appeals, in Shaw v. Nunn, 59 S.W.2d 357, 358, as follows: "Since the opinion in the case of Wofford v. McKinna, 23 Tex. 36, 76 Am.Dec. 53, the law seems to have been well settled in this state that a sheriff's deed is inoperative without proof of his power to sell. In order to show title through sheriff's deed it is necessary to introduce both the judgment and the writ issued thereon by which the sheriff makes the sale. In this case, as before stated, the appellant failed to introduce the judgment and has therefore failed to connect himself with the title to the land involved. Kruegel v. Cobb, 58 Tex.Civ.App. 449, 124 S.W. 723."

■ The evidence as to the amount of rents due from crops grown on the lands in 1937 is not altogether satisfactory. The testimony of Mr. Dowdell (or Dowdle), the only witness testifying on the subject, leaves the matter somewhat in doubt. The judgment also contains the following: "It is further decreed by the court after hearing all proof herein that the plaintiffs are entitled to a one-fourth ($\frac{1}{4}$) of the Government subsidy; that is the amount of money to be paid by the United States Government to the defendants for the cotton subsidy under the Cotton Program of the United States Government for the year 1937, the same being three cents per pound for all cotton raised upon the land described in plaintiff's petition during the year 1937 and each of the defendants herein are now here directed when the Government pays same to promptly pay over to the plaintiffs herein their one-fourth ($\frac{1}{4}$) of the amount so paid." Aside from the generality or want of definiteness, of this adjudication, it seems to be wholly unsupported by either pleadings or proof, as it was neither alleged nor proven that the defendants Easterwood or Snowden were to be paid any amount by the U. S. Government as subsidy for the year 1937.

■ As the defendant Dowdell (or Dowdle) did not answer the suit, the judgment as to him is not before us for review; however, the record disclosing that he holds the amount of rents ($156.88) adjudged against him, as a stakeholder, subject to orders of court, he should not be compelled to disburse same, until the questions as to the ownership of the lands involved and the definite amount of rents due from crops cultivated thereon for 1937 are finally adjudicated.

We have concluded that the ends of justice require that the judgment below be reversed and that the cause be remanded for further proceedings, and it is so ordered.

Reversed and remanded.