## GOGGANS v. GREEN.
### No. 5976.

Court of Civil Appeals of Texas. Texarkana.

Nov. 5, 1942.

Howard S. Smith, of Sulphur Springs, and C. C. McKinney, of Cooper, for appellant.

Artie Stephens, of Sulphur Springs, for appellee.

JOHNSON, Chief Justice.

Ben F. Green filed this suit in trespass to try title against L. B. Goggans to recover 1/10 interest in three tracts of land comprising 50½, 10, and 33½ acres in Hopkins County, Texas. Trial to the court without a jury resulted in judgment for plaintiff. Defendant appealed. No findings of fact and conclusions of law were filed by the trial judge and none requested. The record contains a statement of facts introduced upon the trial of the case.

Appellant's first point raises the contention that the trial court erred in permitting the appellee to introduce in evidence a deed executed November 3, 1925, by S. E. Smith as sheriff of Hopkins County conveying the land to appellee as purchaser at execution sale made pursuant to a levy August 29, 1925, and notice thereof under an alias execution issued out of the County Court of Hopkins County on a judgment rendered in said court October 14, 1924, in favor of B. F. Green against L. A. Goggans and Clifton Goggans. Appellant claims title to the land by virtue of a deed from L. A. Goggans dated October 27, 1925, and filed for record October 29, 1925, same being prior to said execution sale and sheriff's deed but after the levy pursuant to which the sheriff's sale was made. Appellant objected to the introduction of the sheriff's deed upon the alleged ground that it was not supported by a judgment and writ, showing the sheriff's power to make the sale.

To deraign title through a sheriff's deed, it is necessary to show both the judgment and the writ issued thereon by authority of which the sheriff made the sale. Shaw v. Nunn, Tex.Civ.App., 59 S. W.2d 357; Snowden v. Glaspy, Tex.Civ. App., 127 S.W.2d 508. We think appellee met the requirements of the above rule in the following facts: He introduced the judgment above mentioned, which is in all respects regular and authorizes the issuance of execution. He made proof that

the papers in the case were lost. Whereupon he introduced in evidence the record in the execution docket of the issuance and sheriff's returns made on December 30, 1924, on an execution issued on said judgment, showing nothing found subject to execution; and the record in the execution docket of the issuance and sheriff's returns on an alias execution issued August 27, 1925, on said judgment, showing the levy, notice and sale of the land in controversy as the property of said L. A. Goggans and Clifton Goggans, defendants in execution. It is contended that the clerk's entry in the execution docket showing the issuance of the execution and of the alias execution on the judgment do not constitute evidence of the fact of issuance of said writs. The contention is not sustained. The execution docket is an official record, made so by statute, R.C.S. 1925, Article 3831, and is held to be evidence of the issuance of such writs. Schleicher v. Markward, 61 Tex. 99.

 Point 2 raises the contention that the sheriff's deed is void because his returns on the alias execution, in describing the land, fails to state the county in which it is located. The descriptions in the returns complained of name the respective headright surveys in which the three tracts are located and describe each tract separately by metes and bounds and state the number of acres contained in each tract. The levy, sale and returns show to have been made by the sheriff of Hopkins County, Texas, being the county in which the land is admittedly located. Where, as here, the instrument furnishes other sufficient means of identifying the land, it is not void because it fails to expressly state the county in which the land is located. Miller v. Hodges, Tex.Com.App., 260 S.W. 168; 14 T.J. 1001, Sec. 212. In the case of Beze v. Calvert, 2 Tex.Civ.App. 202, 20 S.W. 1130, relied on by appellant, the description not only failed to name the county, but also failed to furnish other means of identifying the land. Further criticism is made of the description of the first tract contained in the sheriff's returns on the alias execution, in that the first call in the field notes, beginning at the northeast corner of the Wm. Garrison Survey, thence running south, mistakenly describes the distance as being 326½ varas, when in fact it is 726½ varas (correctly shown in the sheriff's deed). The mistake is apparent from the face of the instrument. The description calls for 50½ acres out of the Wm. Garrison Survey, having its northeast corner to coincide with the northeast corner of the Wm. Garrison Survey. By virtue of said mistaken call in distance of the east line, the field notes as contained in the sheriff's return on the alias execution do not close and would run over on the survey to the north of the Wm. Garrison Survey, crossing the Wm. Garrison north line at a point which would leave only about 20 acres enclosed in the Garrison Survey. By reversing the calls, the lines are properly traced and will enclose the 50½ acres called for in the Garrison Survey. Ayers v. Harris, 64 Tex. 296. The description contained in the sheriff's returns identifies the land with reasonable certainty. 14 T.J. 998, Sec. 210.

We have carefully reviewed appellant's third and last point, but are unable to find that it presents error.

The judgment of the trial court will be affirmed.